**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

CATHY NEAL, on behalf of )
D.R.H., a minor, )
　　　　　　　　　　　　　　　　)
　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　)
v. ) Case No. CIV-19-084-KEW
　　　　　　　　　　　　　　　　)
COMMISSIONER OF THE SOCIAL )
SECURITY ADMINISTRATION, )
　　　　　　　　　　　　　　　　)
　　　　　Defendant. )

**OPINION AND ORDER**

Plaintiff Cathy Neal ("Plaintiff"), on behalf of the minor child, D.R.H. ("Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Plaintiff appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner=s decision should be and is AFFIRMED.

**Social Security Law and Standard of Review**

Disability for persons under the age of 18 is defined by the Social Security Act as the "a medically determinable physical or

mental impairment or combination of impairments that causes marked and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.906. Social Security regulations implement a three-step sequential process to evaluate a claim for Child's Supplemental Security Income Benefits under Title XVI of the Social Security Act. *See*, 20 C.F.R. § 416.924.[1]

Judicial review of the Commissioner=s determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means

---

[1] At step one, a child will not be deemed disabled if he is working and such work constitutes substantial gainful activity. The regulations require the claimant to establish that he is not engaged in substantial gainful activity. At step two, a child will not be found disabled if he does not suffer from a medically determinable impairment that is severe. At step three, a child's impairment must meet a listing and must meet the duration requirement of 12 months. 20 C.F.R. § 416.924(b), (c) and (d).

2

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).  Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

## Claimant's Background

Claimant was 10 years old when the ALJ issued her decision. Claimant is alleged to have become disabled due to attention deficit hyperactivity disorder ("ADHD") and learning disorders.

## Procedural History

On August 24, 2015, Claimant, through Plaintiff, protectively applied for Supplemental Security Income under Title XVI of the Social Security Act (42 U.S.C. § 1381 *et seq.*).  Claimant's application for benefits was denied in its entirety initially and on reconsideration.  On July 12, 2017, Plaintiff appeared at an

3

administrative hearing before Administrative Law Judge B.D. Crutchfield (the "ALJ"). The ALJ issued an unfavorable decision on September 20, 2017. On January 10, 2019, the Appeals Council granted a review of the ALJ's findings, largely to consider additional evidence submitted on Claimant's behalf which the Appeals Council determined the ALJ should have considered. The Appeals Council ultimately found the additional evidence did not alter the finding of non-disability made by the ALJ and adopted her findings from the decision. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made her decision at step three of the sequential evaluation. She determined that Claimant's condition did not meet a listing and she had not been under a disability during the relevant period.

### Review

Plaintiff asserts the ALJ committed error in (1) failing to properly consider, evaluate and weigh the opinion of an examining psychologist; and (2) failing to find Claimant's impairments functionally equals the severity of a Listing. Plaintiff also

4

contends the Appeals Council erred in finding the preponderance of the evidence supported the ALJ's decision.

**The Step Three Analysis**

In her decision, the ALJ determined Claimant suffered from the severe impairments of ADHD and learning disorders. (Tr. 18). The ALJ also determined Claimant did not meet a listing or the equivalency of a listing, singly or in combination of her impairments. (Tr. 18-20). The ALJ analyzed the six domains of functioning in light of Claimant=s severe impairments. She concluded Claimant had less than marked limitation in the areas of acquiring and using information, attending and completing tasks, interacting and relating to others, moving about and manipulating objects, and caring for yourself. The ALJ found no limitation in the health and physical well-being functional area. (Tr. 26-32).

Plaintiff contends the ALJ improperly evaluated the opinion of Leslie E. Barnes, Ph.D., LMFT, Licensed Psychologist. Dr. Barnes authored an evaluation of Claimant, including administering numerous assessment tests. On the Verbal Comprehension Index, Claimant scored a 98 which was average. On the Perceptual Reasoning Index, Claimant scored 94 which was low average. On the Working Memory Index, Claimant scored a 74 which was in the 4

percentile and considered significantly below average. On the Processing Speed Index, Claimant scored a 94 which was low average. On the Full Scale IQ test, Claimant scored an 88 which placed her in the 21 percentile and was considered below average. (Tr. 294).

In Neurodevelopmental Functioning (NEPSY-II test), Claimant scored below average in Comprehension of Instructions and Speeded Naming and scored significantly below average in Visuomotor Precision. (Tr. 299). In Auditory Functioning, Claimant scored significantly below average in Filtered Words and below average in Auditory Figure Ground. (Tr. 301). In Visual Functioning, Claimant performed well on the Connors' Continuous Performance Test – II, experienced significant developmental visual dyslexic problems in the Jordan Left-Right Reversals Test, and performed in the average range in the Beery Developmental Test of Visual Motor Integration – 6th Edition in displaying her paper/pencil copying skills. (Tr. 302-04). In Academic Functioning (WIAT – III), Claimant showed a significant discrepancy in the expected and actual levels of achievement in Pseudoword Decoding, which measures the use of phonetic knowledge to sound out nonsense words. (Tr. 304).

Dr. Barnes concluded that Claimant suffered from Attention

Deficit Hyperactivity Disorder, Predominantly Inattentive Type with significant features of auditory inattention (visual attention problems may have been controlled by the use of medication during the evaluation); Reading Disorder with prominent features of global dyslexia (both visual/dyseidetic and auditory/dysphonetic dyslexia); Developmental Coordination Disorder with significant handwriting (dysgraphic) tendencies; and Other Neurodevelopmental Disorder with significant problems with speed of visual processing. (Tr. 308).

The ALJ recognized Dr. Barnes' assessments and findings in the decision, reciting the testing results. She noted the findings requiring treatment for Claimant's ADHD, educational recommendations such as holding she and her twin sister back in the third grade for a second year, and that she "offered may additional recommendations for the claimant, the claimant's school, and her parents." (Tr. 23).

The ALJ is required to consider all medical opinions, whether they come from a treating physician or non-treating source. Doyle v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003); 20 C.F.R. § 416.927(c). The ALJ considered the opinion as referenced in her decision. Claimant insists that the failure to weigh the opinion

7

requires reversal and remand. The ALJ did not reject or give diminished consideration to Dr. Barnes' opinion. By doing so, the need for an express weighing or analysis of the opinion in diminished. Howard v. Barnhart, 379 F.3d 945, 947 (10th Cir. 2004)("When the ALJ does not need to reject or weigh evidence unfavorably in order to determine a claimant's RFC, the need for express analysis is weakened.").

Indeed, the only true "opinion" offered by Dr. Barnes concerned educational modifications and recommendations, diagnoses of the conditions that the assessment testing revealed, and treatment for Claimant's ADHD. Nothing in Dr. Barnes' report suggests a marked limitation in any of the six functional domains that the ALJ is required to evaluate. For that matter, nothing in the ALJ's decision contradicts the findings or "opinions" in Dr. Barnes' report. This points up a problem in attempting to take an objective assessment for a particular purpose other than for Social Security disability purposes and "shoehorn" that assessment into the specific functional evaluation required by the Social Security regulations. Claimant argues that many of the findings from the various testing performed by Dr. Barnes translates into a more restrictive findings in the six functional

8

domains. This is simply not true.

Even if Dr. Barnes' "opinion" was required to be weighed, any failure to do so constituted harmless error which does not require reversal. This is particularly true since Dr. Barnes' report does not conflict with the ALJ's RFC. <u>Mays v. Colvin</u>, 739 F.3d 569, 578-79 (10th Cir. 2014)(". . . an ALJ's failure to weigh a medical opinion involves harmless error if there is no inconsistency between the opinion and the ALJ's assessment of residual functional capacity. . . . In that case, the claimant is not prejudiced 'because giving greater weight to [the opinion] would not have helped her.'") This Court finds no error in the manner in which the ALJ considered Dr. Barnes' opinion.

Claimant also suggests that the ALJ gave the opinions of the state agency physicians too much weight. Other than arguing that Dr. Barnes' report should have been given more weight than the opinions of the state agency physicians, Claimant does not give a basis for rejecting or diminishing the weight given to the state agency physicians. Since this Court has determined that the ALJ properly considered Dr. Barnes' report, no basis exists for reconsideration of the opinions of the state agency physicians upon which the ALJ relied.

**Consideration of the Domain Areas**

Claimant challenges the findings of the ALJ in the six functional domain areas such that the ALJ should have found Claimant met or equaled a listing. In order to have a marked impairment in the Acquiring and Using Information domain, the regulations state that the agency will consider how well a child acquires or learns information and how well she uses the information she has learned. 20 C.F.R. § 416.926a(g).

In this area, this Court cannot conclude that the ALJ erred in his assessment of Claimant's ability to Acquire and Use Information. Substantial evidence supports his conclusion that Claimant experienced less than a marked limitation in this area given the assessments by Claimant's teacher (Tr. 27, 208), mother, and her improvement in grades (Tr. 27, 195-96). Plaintiff's attempt to find conflicting evidence in Dr. Barnes' report is rejected. This Court agrees with Defendant that Plaintiff is requesting that the evidence be reweighed in large measure - a standard not available on review. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

This Court also can find no error in the ALJ's assessment of the domain of Attending and Completing tasks. The regulations require an analysis of how well a child focuses and maintains her

attention and how well she begins, carries through, and finishes her activities, including the pace at which she performs activities and the ease with which she changes them.  20 C.F.R. § 416.926a(h).  Claimant met several academic standards, again relying upon the Claimant's mother and teacher.  (Tr. 28, 223).

The domain of Interacting and Relating to Others requires consideration of how well a child initiates and sustains emotional connections with others, develops and uses the language of her community, cooperates with others, complies with rules, responds to criticism, and respects and takes care of the possessions of others.    20  C.F.R.  §  416.926a(i).    The  ALJ  relied  upon Plaintiff's testimony (Tr. 29, 218, 221) and Claimant's teacher to find no limitation in this domain.  (Tr. 29, 210).  No error is found in the consideration of this domain and the ALJ=s conclusions are supported by substantial evidence.

The domain of moving about and manipulating objects considers how a child moves her body from one place to another and how she moves and manipulates things, encompassing their fine and gross motor skills.  20 C.F.R. § 416.926a(j).  The ALJ's findings of less than marked limitation in this domain was supported by Plaintiff's testimony (Tr. 30, 220) and her teacher's report.  (Tr. 30, 211).  Substantial evidence supported his conclusions.

11

The next domain known as Caring for Yourself requires an evaluation of how well a child maintains a healthy emotional and physical state, including how well she satisfies her physical and emotional wants and needs in appropriate ways.  20 C.F.R. § 416.926a(k).  Plaintiff's testimony and the report of Claimant's teacher supported a finding of no limitation in this domain.  (Tr. 31).  The conclusion is supported.

Claimant did not challenge the evaluation of the final domain of health and physical well being.

The ALJ's conclusions in the evaluation of the six functional domains are also supported by the evaluation of the four state agency physicians which the ALJ gave "great weight" and Dr. Cynthia Bruns whose report the ALJ cited extensively, in particular when reviewing Plaintiff's statements to Dr. Bruns.  (Tr. 25-26, 79-87, 89-98).

### Appeals Council Consideration

Claimant also contends that the Appeals Council failed to properly evaluate Dr. Barnes' report in reaching its conclusion that a preponderance of the evidence supported the ALJ's decision. The Appeals Council correctly determined that the ALJ should have admitted certain specific additional evidence into the record but concluded that the evidence did not alter the ALJ's ultimate

12

conclusion. Claimant contends again that the Appeals Council failed to consider Dr. Barnes' report in reaching its decision. This Court has rejected this argument. Any further reconsideration of the Appeals Council's decision would necessarily require and impermissible reweighing of the evidence.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

IT IS SO ORDERED this  28th  day of September, 2020.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE